UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

|  |  |  |
|---|---|---|
| JONATHAN L. WAINWRIGHT, | : | |
| | : | CASE NO. 1:17-CV-1621 |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Docs. 36, 43] |
| MEDICAL DEPARTMENT CUYAHOGA | : | |
| COUNTY CORRECTIONAL CENTER, | : | |
| *et. al* | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Jonathan L. Wainwright, *pro se*, brings this Eighth Amendment Civil Rights suit after he slipped and fell in a shower while incarcerated at the Cuyahoga County Correctional Center.[1] The MetroHealth Defendants[2] and the Cuyahoga County Defendants[3] move for judgment on the pleadings.[4]

For the following reasons, the Court **GRANTS** the MetroHealth Defendants' motion and **GRANTS** the Cuyahoga County Defendants' motion.

## I. BACKGROUND[5]

At the time of his amended complaint, Plaintiff Wainwright was a pretrial detainee at the Cuyahoga County Correctional Center.[6] Plaintiff recently had a portion of his left leg amputated.[7]

---

[1] Doc. 30.
[2] The MetroHealth Defendants include MetroHealth Systems ("MetroHealth"); Dr. Thomas Tallman; and Marcus Harris. *Id.* at 1.
[3] The Cuyahoga County Defendants include the Medical Department at Cuyahoga Correctional Center; the Cuyahoga County Medical Director; the Cuyahoga County Correctional Center Director; Warden Ivy, and various John Does. *Id.*
[4] Docs. 36, 43. Plaintiff opposes. Doc. 45.
[5] For purposes of this section, the Court presumes all alleged facts in the amended complaint are true.
[6] Doc. 30 at 2.
[7] *Id.*

On July 11, 2017, Plaintiff Wainwright used a shower seat to take a shower.[8] In the process of placing the shower seat into the shower, Plaintiff slipped and fell onto the shower floor.[9] Plaintiff fell on his partially amputated leg and injured his back.[10]

Around September 25, 2017 and September 28, 2017, Plaintiff asked an unidentified correctional officer to use the shower seat for his shower.[11] The unidentified correctional officer denied Plaintiff the shower seat, stating that "Corporal Clark" had decided that shower seats could no longer be used in the pod where Plaintiff was housed.[12] Plaintiff therefore had to balance himself while standing up in the shower.[13] He subsequently slipped and fell while exiting the shower, and injured his back and pelvis.[14]

Plaintiff alleges that the lack of handrails and seats in the shower contributed to his fall.[15] Plaintiff was later allowed to use a handicap-accessible shower in another pod.[16]

When he sought medical care, Dr. Thomas Tallman provided Plaintiff with pain medication and charged him for the medication and the visit.[17]

After amending his original complaint, Plaintiff now sues the MetroHealth Defendants and the County Defendants for constitutional violations under Section 1983, violations of the Americans with Disabilities Act (ADA), and state law negligence and medical malpractice.[18] The MetroHealth Defendants and the County Defendants move for judgment on the pleadings.[19]

---

[8] *Id.* at 3.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.* at 3, 5.
[16] *Id.* at 3.
[17] *Id.* at 5.
[18] *Id.* at 2.
[19] Docs. 36, 43. Plaintiff opposes. Doc. 45.

## II. LEGAL STANDARD

Although federal courts are obligated to construe *pro se* complaints liberally,[20] such principles are not without limits.[21] Plaintiffs proceeding *pro se* must still meet basic pleading standards, and courts are not required to "conjure allegations on [their] behalf."[22]

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[23]

Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'"[24] The plaintiff need not try to prove his case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[25]

## III. ANALYSIS

As an initial matter, the Court finds that the Medical Department at Cuyahoga Correctional Center is not a proper Defendant. The Medical Department is not *sui juris*, meaning it is not an independent legal entity capable of being sued; it is only a subunit of Cuyahoga County.[26] Accordingly, Plaintiff Wainwright's claims against the Medical Department at Cuyahoga Correctional Center are liberally construed to be against Cuyahoga County.

With that in mind, the Court grants judgment on the pleadings for the MetroHealth Defendants and the Cuyahoga County Defendants with respect to Plaintiff's Section 1983 and state

---

[20] *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).
[21] *Young Bok Song v. Gipson*, 423 Fed. App'x. 506, 509-10 (6th Cir. 2011).
[22] *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).
[23] *See Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
[24] *Id.*
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[26] *See Lenard v. City of Cleveland*, No. 1:17 CV 440, 2017 WL 2832903, at *2 (N.D. Ohio June 30, 2017).

law claims; and grants judgment on the pleadings for the MetroHealth Defendants on Plaintiff's ADA

claims.

## A. Section 1983 Claims

### 1. Claims against Cuyahoga County, MetroHealth, and individual Defendants in official capacities

The Court first addresses whether Plaintiff sufficiently alleges claims against Cuyahoga

County, MetroHealth, and the individual Defendants in their official capacities.

Under *Monell v. Department of Social Services*, a local government is a "person" for purposes

of Section 1983 liability, and can only be held liable under Section 1983 when the execution of the

local government's policy or custom inflicts the alleged injury.[27] Suits against government employees

in their official capacities "represent only another way of pleading an action against an entity of which

an officer is an agent."[28]

As a result, to bring a Section 1983 suit against Cuyahoga County, MetroHealth, and the

individual Defendants in their official capacities,[29] Plaintiff must demonstrate a direct causal link

between a governmental policy or custom and the constitutional deprivation by showing that the

alleged injury was caused by the execution of a particular policy or custom.[30]

To properly allege a municipal liability claim, a plaintiff must adequately allege (1) an illegal

official policy or legislative enactment; (2) illegal actions ratified by an official with final decision-

making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or

acquiescence of federal rights violations.[31]

Even after liberally construing the complaint, the Court finds that Plaintiff does not make these

allegations. In a perfunctory and conclusory fashion, Plaintiff only alleges that the Cuyahoga County

---

[27] 436 U.S. 658, 690, 694 (1978); *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014).
[28] *Monell*, 436 U.S. at 690 n.55.
[29] The MetroHealth Defendants do not dispute that MetroHealth is a "person" for purposes of Section 1983 liability. *See* Doc. 43 at 5.
[30] *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).
[31] *D'Ambrosio*, 747 F.3d at 386.

Correctional Center and MetroHealth have a custom and policy of not accommodating the inmates'

disabilities.[32]  Because merely stating that a custom or policy exists is not enough, Plaintiff fails to

allege a Section 1983 claim against Cuyahoga County, MetroHealth, and the individual Defendants

in their official capacities.

The Court therefore **DISMISSES** Plaintiff's Section 1983 claims against Cuyahoga County,

MetroHealth, and the individual Defendants in their official capacities.

### 2. Claims against Individual Defendants in their Individual Capacities

Plaintiff also fails to allege Section 1983 claims against the individual MetroHealth

Defendants and individual County Defendants in their individual capacities.  The individual

Defendants in their individual capacities are entitled to qualify immunity.

### a. Qualified Immunity

The individual MetroHealth Defendants and the individual County Defendants sued in their

individual capacities are entitled to qualified immunity.

Government officers are entitled to qualified immunity for their actions unless plaintiffs satisfy

a two-prong test.  First, plaintiffs must show that "the facts alleged show the officer's conduct violated

a constitutional right."[33]  Second, plaintiffs must prove that the violated constitutional right was

"clearly established."[34]  Courts do not have to decide these prongs in a specific order.[35]

Plaintiff fails to satisfy the first part of the test.  As will be explained, the alleged facts have

not demonstrated any conduct constituting constitutional violations on the individual Defendants'

parts.  As a result, the Court finds that the individual Defendants are entitled to qualified immunity.

---

[32] Doc. 30 at 4.
[33] *See France v. Lucas*, 836 F.3d 612, 625 (6th Cir. 2016) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).
[34] *Id.*
[35] *See Pearson v. Callahan*, 555 U.S. 223, 236-42 (2009).

b. *Fourteenth Amendment Equal Protection*

Plaintiff fails to state Fourteenth Amendment equal protection claims against any of the individual Defendants in their individual capacities.   Liberally construed, Plaintiff's complaint seemingly alleges that the MetroHealth Defendants and County Defendants denied him access to disability services because of his youth and fitness, despite his disability.[36]  Plaintiff alleges that these Defendants did not deny older, disabled inmates the same services.[37]

But age is not a suspect classification under the Equal Protection Clause.[38]  State actors may discriminate based on age without violating the Fourteenth Amendment if the age classification is "rationally related to a legitimate state interest."[39]

Plaintiff's allegations on this matter are conclusory, and therefore do not support any plausible inference that there was no rational basis for the age and fitness classifications at issue.[40]

c. *Eighth Amendment*

Plaintiff also fails to state Eighth Amendment violations against any of the individual Defendants in their individual capacities.[41]

 "The Eighth Amendment's protections against cruel and unusual punishment extend to pretrial detainees through the Fourteenth Amendment's Due Process Clause . . . and thus claims by pretrial detainees challenging conditions of confinement are analyzed under the Eighth Amendment."[42]

---

[36] *Id.*
[37] *Id.*
[38] *See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83 (2000)*.
[39] *Id.*
[40] *See Gean v. Hattaway, 330 F.3d 758, 771 (6th Cir. 2003)* (Under rational basis review, "plaintiffs have the burden to negate all possible rational justifications for the distinction." (citing *Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 367 (2001)*).
[41] To the extent that Plaintiff premises his Eighth Amendment violations on Nelson Mandela rules violations or brings a separate claim based on such rules violations, that attempt fails. The United Nations Standard Minimum Rules for the Treatment of Prisoners, or the Nelson Mandela rules, are not a source of justiciable rights. *Serra v. Lappin, 600 F.3d 1191, 1197 (9th Cir. 2010)* (finding the Nelson Mandela rules is not a treaty binding on the United States, or even a source of private rights, if considered a self-executing treaty).
[42] *Brodak v. Nichols, 162 F.3d 1161 (6th Cir. 1998)* (citations omitted).

To state an Eighth Amendment claim, Plaintiff must first plead facts that establish that a sufficiently serious deprivation has occurred, or that he was suffering from a serious medical need.[43] Then Plaintiff must establish that prison officials acted with deliberate indifference.[44]

Nevertheless, Plaintiff can only demonstrate Defendants' individual liability by showing Defendants were personally involved in the unconstitutional behavior alleged.[45] Thus, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants."[46]

To impose supervisory liability, "'a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'"[47]

### i.    Individual MetroHealth Defendants: Harris and Dr. Tallman

To start, it is unclear what actions Plaintiff alleges Harris took that constituted an Eighth Amendment violation.  Plaintiff makes no allegations of what actions Harris did himself, or what actions he may have authorized, approved, or acquiesced to.

For Dr. Tallman, the Court liberally construes the complaint as alleging that Dr. Tallman provided inadequate medical services to Plaintiff.

Even if Plaintiff sufficiently alleged he suffered from a serious medical need after his fall (in light of his amputated leg), he fails to show that Dr. Tallman acted with deliberate indifference.

Allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim.[48]  Where jail officials provided a prisoner some medical attention and the

---

[43] *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).

[44] *Wilson*, 501 U.S. at 303.

[45] *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior").

[46] *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991).

[47] *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

[48] *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).

dispute concerns the treatment's adequacy, federal courts are generally reluctant to second guess medical judgments.[49]

Here, Plaintiff alleges that Dr. Tallman provided pain medication after Plaintiff had slipped and fell in the shower (albeit at a fee).[50] As a result, it is not clear that Dr. Tallman violated Plaintiff's Eighth Amendment rights. Even viewing the allegations in the light most favorable to Plaintiff, Dr. Tallman's medical treatment was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."[51]

Thus, the Court finds that Plaintiff has failed to show any Eighth Amendment constitutional violations performed by Harris and Dr. Tallman.

### ii. Individual County Defendants: Corporal Clark; the Cuyahoga County Medical Director; the Cuyahoga County Correctional Center Director; Warden Ivy, and various John Does

Plaintiff also fails to state an Eighth Amendment violation for the individual County Defendants.

In general, Plaintiff seemingly alleges Eighth Amendment violations against the individual County Defendants because they denied him access to a handicap-accessible shower or a shower seat in a non-handicap accessible shower.[52] However, Plaintiff fails to allege what specific actions the individual County Defendants took in furtherance of the alleged Eighth Amendment violation.

To start, Plaintiff does not even mention the Cuyahoga County Medical Director, the Cuyahoga County Correctional Center Director, Warden Ivy, or various John Does in his complaint, other than to name them as parties in the suit.

To the extent Plaintiff describes an unidentified John Doe correctional officer's actions, Plaintiff's allegations are insufficient to show the correctional officer's personal involvement in

---

[49] *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).
[50] Doc. 30 at 5.
[51] *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002).
[52] *See* Doc. 30 at 3-5.

Plaintiff's alleged constitutional deprivation.   Plaintiff alleges that on two instances in late September 2017, an unidentified correctional officer told Plaintiff that Corporal Clark had stated that there would be no more use of shower seats in the pod where Plaintiff was detained.[53]  As a result, to the extent the correctional officer denied Plaintiff's request for a shower seat, his action was based on the alleged error of another, Corporal Clark (who is not named as a party to this suit).

The Court therefore finds that Plaintiff has failed to demonstrate any Eighth Amendment constitutional violations performed by the Cuyahoga County Medical Director; the Cuyahoga County Correctional Center Director; Warden Ivy, and various John Does.

Accordingly, because the individual Defendants are entitled to qualified immunity, the Court **DISMISSES** Plaintiff's Section 1983 claims against all of the individual Defendants in their individual capacities.

## B. ADA Claims

The Court also dismisses Plaintiff's ADA claims against the MetroHealth Defendants.   The ADA claims against the County Defendants will proceed.

The Court liberally construes Plaintiff's complaint as asserting ADA claims under Title II, 42 U.S.C. § 12131 against the MetroHealth Defendants and County Defendants.

The MetroHealth Defendants first argue that Title II does not permit claims against Defendants Harris and Dr. Tallman in their individual capacities.[54]  The MetroHealth Defendants next argue that Plaintiff fails to identify what discriminatory actions they took based on Plaintiff's disability.[55]  The Cuyahoga County Defendants do not move for judgment on the pleadings on Plaintiff's ADA claim against them.[56]

---

[53] *Id.* at 3.
[54] Doc. 43 at 9.
[55] *Id.* at 10.
[56] The Cuyahoga County Defendants only move for judgment on the pleadings on Plaintiff's Section 1983 and state law claims.  *See* Doc. 36.   Moreover, the Cuyahoga County Defendants only incorporate arguments the MetroHealth Defendants made in their original motion to dismiss Plaintiff's original complaint, which do not address any of Plaintiff's ADA claims.  *Id.* at 1 (incorporating arguments from Doc. 24).

The Court agrees in part with the MetroHealth Defendants.

Because Title II of the ADA does not permit actions against defendants in their individual capacities,[57] Plaintiff can only bring his ADA claims against MetroHealth and Defendants Dr. Tallman and Harris in their official capacities.

Even then, Plaintiff's ADA claims against these defendants still fails. Liberally construed, Plaintiff's complaint seems to allege that the MetroHealth Defendants discriminated against him for his disability by failing to provide adequate medical services after his slip and fall.[58] However, medical treatment decisions, or alleged medical malpractice, cannot form the basis of a claim under the ADA.[59]

Accordingly, the Court **DISMISSES** Plaintiff's ADA claims against the MetroHealth Defendants. As the Cuyahoga County Defendants have not moved for judgment on the pleadings on Plaintiff's ADA claim, this claim against the County Defendants will proceed.

## C. State Law Claims

Finally, Plaintiff's state law claims for negligence and medical malpractice against all Defendants fail.

To start, to the extent that Plaintiff alleges a medical malpractice claim against the Defendants, that claim is dismissed.

Under Ohio Civil Rule 10(D)(2), "a complaint that contains a medical claim . . . as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." The Ohio Court of Appeals has applied this requirement to prison inmate medical claims.[60] Because this rule is substantive rather than procedural, a federal court must apply it.[61] As a result, because Plaintiff has

---

[57] *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 492-93 (6th Cir. 2004) (citing 42 U.S.C. § 12131(1)).
[58] Doc. 30 at 5.
[59] *Baldridge–El v. Gundy*, No. 99–2387, 2000 WL 1721014, at *2 (6th Cir. Nov. 8, 2000).
[60] *Foster v. Dept. of Rehab. & Corr.*, No. 12AP-503, 2013 WL 988056, at *8 (Ohio Ct. App. March 12, 2013).
[61] *Schumacher v. Corr. Corp. of Am.*, No. 4:15-CV-01919, 2016 WL 3629015, at *3 (N.D. Ohio July 7, 2016).

failed to attach an affidavit of merit to his medical malpractice claims, these claims must be dismissed, to the extent Plaintiff brings them.

Even if Plaintiff had adequately stated his state law claims, the Court still dismisses them. Because Cuyahoga County and MetroHealth are political subdivisions, they are immune from liability in a civil action for injury, death, or loss to persons allegedly caused by an act or omission of the subdivision or its employees in connection with a governmental function.[62] Because operating a county jail and providing health care services within in it are governmental functions,[63] the County and MetroHealth are immune from Plaintiff's state law claims. The Court sees no statutory exceptions to state law immunity in the case,[64] and therefore dismisses Plaintiff's state law claims against the County and MetroHealth.

The individual County Defendants and individual MetroHealth Defendants are also entitled to statutory immunity. Ohio grants immunity to public officials unless their "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."[65] Plaintiff has not sufficiently alleged that any of the individual Defendants acted with malicious purpose, in bad faith, or in a wanton or reckless manner. The Court therefore also dismisses Plaintiff's state law claims against the individual County Defendants and individual MetroHealth Defendants.

In summary, the Court **DISMISSES** Plaintiff's state law claims of negligence and medical malpractice as to all Defendants.

---

[62] *See* Ohio Rev. Code § 2744.02(A)(1).

[63] *See Ruffin v. Cuyahoga Cty.*, No. 1:16 CV 640, 2017 WL 2832674, at *13 (N.D. Ohio June 30, 2017), *aff'd sub nom. Ruffin v. Cuyahoga Cty., Ohio*, 708 F. App'x 276 (6th Cir. 2018) (citing Ohio Rev. Code § 2744.01(C)(2)(h), (x)).

[64] The exceptions to immunity are: negligent operation of a motor vehicle, negligent operation of a proprietary function, failure to keep public roads in repair, injury due to a physical defect on government property, and liability expressly imposed by the Ohio Revised Code. *See id.* § 2744.02(B).

[65] *Id.* § 2744.03(A)(6)(b); *see also Ruffin*, 2017 WL 2832674, at *13.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** MetroHealth Defendants' motion for judgment on the pleadings and **GRANTS** the County's motion for judgment on the pleadings.

However, as the Cuyahoga County Defendants have not moved for judgment on the pleadings on Plaintiff's ADA claim, this claim against the County Defendants will proceed.

IT IS SO ORDERED.

Dated:  May 4, 2018                                          *s/        James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE