UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------
                                          :
JONATHAN L. WAINWRIGHT,                    :
                                          :
          Plaintiff,                       :          CASE NO. 1:17-CV-1621
                                          :
     v.                                    :          OPINION & ORDER
                                          :          [Resolving Docs. 47, 49]
MEDICAL DEPARTMENT CUYAHOGA                :
COUNTY CORRECTIONAL CENTER,                :
*et al.,*                                  :
                                          :
          Defendants.                      :
                                          :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Jonathan L. Wainwright, *pro se*, brings this suit after he slipped and fell in a shower while incarcerated at the Cuyahoga County Correctional Center.[1]  The Court previously dismissed several of Plaintiff's claims against the Cuyahoga County Defendants.[2]  The County Defendants have now moved for renewed judgment on the pleadings and for summary judgment on Plaintiff's sole surviving Americans with Disabilities Act (ADA) claims.[3]  Plaintiff has not filed any opposition to either motion.

For the following reasons, the Court **GRANTS** the motion for judgment on the pleadings on Plaintiff's ADA claims.  Defendants' motion for summary judgment is therefore **MOOT**.

## I. BACKGROUND

On May 4, 2018, the Court granted the MetroHealth Defendants'[4] and the Cuyahoga County Defendants' motions for judgment on the pleadings on several of Plaintiff's claims.  Because the

---

[1] Doc. 30.

[2] The Cuyahoga County Defendants include the Medical Department at Cuyahoga County Correctional Center; the Cuyahoga County Medical Director; the Cuyahoga County Correctional Center Director; Warden Ivy; and various John Does. *Id.* at 1.

[3] Docs. 47, 49.

[4] The MetroHealth Defendants include MetroHealth Systems ("MetroHealth"); Dr. Thomas Tallman; and Marcus Harris. Doc. 30 at 1.

County Defendants did not move for judgment on the pleadings on Plaintiff's ADA claims against it, those claims survived.

On May 11, 2018, the County Defendants moved to file a supplemental motion for judgment on the pleadings on Plaintiff's ADA claims against them.[5]  The Court granted that motion and gave Plaintiff until July 4, 2018, to oppose.[6]  Plaintiff has failed to file any opposition by that time.[7]

In considering the County Defendants' motion for judgment on the pleadings, the Court refers to its previous description of Plaintiff's allegations in its May 4 opinion and order.[8]

## II. LEGAL STANDARD

Although federal courts are obligated to construe *pro se* complaints liberally,[9] such principles are not without limits.[10]  Plaintiffs proceeding *pro se* must still meet basic pleading standards, and courts are not required to "conjure allegations on [their] behalf."[11]

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[12]

Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'"[13]  The plaintiff need not try to prove his case in the complaint.  But there must be "more than a sheer possibility that the defendant has acted unlawfully."[14]

---

[5] Doc. 47.

[6] Doc. 48.

[7] On June 18, 2018, the County Defendants also moved for summary judgment.  Doc. 49.  Plaintiff also failed to file an opposition to that motion by the July 2, 2018, deadline.  Because the Court grants Defendants' motion for judgment on the pleadings, the Court does not recite facts presented by Defendants in that summary judgment motion.

[8] *See* Doc. 46 at 1-2.

[9] *See* *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

[10] *Young Bok Song v. Gipson*, 423 F. App'x 506, 509-10 (6th Cir. 2011).

[11] *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

[12] *See* *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

[13] *Id.*

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. ANALYSIS

The Court dismisses Plaintiff's ADA claims against the County Defendants.[15]

The Court liberally construes Plaintiff's complaint as asserting ADA claims under Title II, 42 U.S.C. § 12131 against the County Defendants.

As a preliminary matter, the Court finds that Plaintiff does not lack standing to bring his ADA claims. The County Defendants argue that Plaintiff lacks standing because he did not specifically request handicap shower access or medical pod housing.[16] This argument appears to assert that Plaintiff's injuries are not directly traceable to the County Defendants' denial of accommodation if Plaintiff never requested any such accommodation in the first place.

To establish Article III standing, Plaintiff must allege facts sufficient to show: (1) an "injury-in-fact," which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" (2) "the injury is fairly traceable to the challenged action of the defendant;" and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[17]

Plaintiff Wainwright alleged those requirements. Plaintiff alleged that he suffered physical injuries when he slipped in the prison shower, and that those injuries were a result of the County Defendants' denial of his two requests for a shower seat.[18] Plaintiff alleges that damages will redress his injuries.[19]

Even so, Plaintiff's allegations fail to establish an ADA claim as a matter of law.

First, Plaintiff's request for injunctive relief under Title II is moot. Because Plaintiff Wainwright has been transferred out of the County facility, he is not sufficiently likely to suffer further

---

[15] As the Court explained in its May 4 opinion and order, the Medical Department at Cuyahoga County Correctional Center is not a proper Defendant. *See* Doc. 46 at 3. The Court will therefore liberally construe Plaintiff's ADA claims against the Medical Department at Cuyahoga County Correctional Center as against Cuyahoga County.

[16] Doc. 47 at 4.

[17] *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[18] Doc. 30 at 2-3.

[19] *Id.* at 6.

injury there, thereby mooting his request for injunctive relief.[20]  However, because Title II permits claimants to seek monetary damages,[21] Plaintiff's request for damages[22] is not moot.[23]

Second, Plaintiff cannot bring Title II damages claims against the individual County Defendants in their individual capacities.  Under Title II of the ADA, Plaintiff can only bring his ADA claims against a "public entity," and therefore only against the County and the individual County Defendants in their official capacities.[24]

Lastly, with respect to the remaining official capacity ADA claims for damages, Plaintiff has failed to identify what discriminatory actions the County took based on Plaintiff's disability.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[25]

 "Allegations of isolated instances of failing to accommodate a disabled prisoner's condition do not state a claim under the ADA."[26]  Plaintiff was housed in a pod that did not contain a handicap-accessible shower.[27]  While the County Defendants gave him a shower seat in one instance, they allegedly denied his two later requests for a shower seat.[28]  Plaintiff Wainwright admits, however, that the County Defendants later let him use a handicap-accessible shower.[29]  Without further allegations of the County's actions due to his disability, Plaintiff fails to state a claim under the ADA.

Accordingly, the Court **DISMISSES** Plaintiff's ADA claims against the County Defendants.

---

[20] *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995).

[21] *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 749-50 (2017).

[22] *See* Doc. 30 at 3-4, 6.  The Court liberally construes Plaintiff's complaint as seeking damages for physical injuries to his back and pelvis that he suffered from his slip and fall.

[23] *See Boag v. MacDougall*, 454 U.S. 364, 364 (1982).

[24] *See Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 492-93 (6th Cir. 2004) (citing 42 U.S.C. § 12131(1)).  The Court therefore does not address the County Defendants' argument that County Defendants are entitled to qualified immunity for the ADA claims brought against them in their individual capacities.  *See* Doc. 47 at 6-8.

[25] 42 U.S.C. § 12132.

[26] *McCord v. Ohio Dep't of Rehab. & Corr.*, No. 1:10 CV 2355, 2011 WL 768079, at *2 (N.D. Ohio Feb. 28, 2011) (citing *Moore v. Curtis*, 68 F. App'x 561 (6th Cir. 2003)).

[27] *See* Doc. 30 at 2.

[28] *Id.* at 2-3.

[29] *Id.* at 3.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** the County Defendants' motion for judgment on the

pleadings.  The County Defendants' motion for summary judgment is **MOOT**.


IT IS SO ORDERED.


Dated: July 23, 2018                         *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE